UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X        14 CV 4605
ELIZIAH NORRIS
               Plaintiff,                                    **AMENDED
                                                                     COMPLAINT AND
                                                                     JURY DEMAND**

            -Against-

THE CITY OF NEW YORK, Detective ROBERT
CURLEY Shield No. 5767, Detective IAN CYRUS,
Shield No. 2768, Sergeant CLAUDIO RAMIREZ,
Shield No. 3804, Detective John Doe Number 1
through 2, Police Officers John Doe Number 1
through 2, in their individual and official
capacities as employees of the City of New York,

                                  Defendants.
------------------------------------------------------------X

      The Plaintiff, ELIZIAH NORRIS, by his attorney, Amy Rameau Esq., of The Law Office of Amy Rameau, alleges the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

      1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York and against Police Officers named above, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

## VENUE

3. Under 28 U.S.C. § 1391(a),(b),(c), venue is proper in the Eastern District of New York.

## PARTIES

4. Plaintiff at all times relevant hereto resided in the City and State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NEW YORK CITY POLICE DEPARTMENT.

2

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK through the NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

**FACTUAL ALLEGATIONS**

10. Plaintiff is an African-American single male. On or about June 26, 2013, plaintiff was placed under arrest on suspicion of criminal conduct. Police Officers cuffed plaintiff and transported plaintiff to the 83rd precinct without incident. However, once at the 83rd precinct, plaintiff was left in a cell for an extremely lengthy period of time without food or water. Plaintiff begged several police officers time and time again but was denied water. Plaintiff felt he was "dying of thirst".

3

11. Plaintiff was then taken to an area to be fingerprinted. At that time, plaintiff again requested a drink of water. Plaintiff begged the officers to give him a glass of water. Several officers laughed at plaintiff. Once plaintiff arrived at the area in the precinct where plaintiff was due to be fingerprinted, someone offered plaintiff a cup of water. As plaintiff turned to take that glass of water, several officers including Detective Robert Curley attacked plaintiff. The detective punched plaintiff several times in the face and body. The others joined in the assault against plaintiff. The officers kicked plaintiff, shoved and stomped upon plaintiff and further denied plaintiff the above-mentioned glass of water. The officers yelled and screamed at plaintiff and demanded that plaintiff "shut the fuck up" when plaintiff asked them to stop. Plaintiff was re-cuffed and taken back to a cell.

12. There was, at the time of the incident, a video camera in the area where plaintiff was fingerprinted and assaulted. During the course of plaintiff's prosecution, plaintiff requested video footage as Brady material. Defendants alleged that said video camera was not functioning at the time plaintiff was attacked.

13. While at the 83rd precinct, plaintiff begged for medical attention. Said medical attention was denied. Plaintiff posed no threat to any police officer and plaintiff had committed no crime that would justify the officers' conduct. Plaintiff posed no threat to any citizens.

14. All of the above was done in violation of state and federal law.

4

15. As a result of this assault, plaintiff sustained a number of sprains and strains swelling about the face and neck, cuts and lacerations about the face and body.

16. Defendants employed unnecessary and unreasonable force against the plaintiff. Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct. The officers intentionally used excessive force. They acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

17. The conduct of the defendant officers in assaulting the plaintiff and denying him medical attention for hours directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment. All of the events complained of above have left permanent emotional scars that the plaintiff will carry with him for the remainder of his life.

18. At no time did plaintiff assault or attempt to assault any officer, nor did he present a threat or perceived threat to the personal safety of any officer or to the security of the precinct so as to warrant the repeated application of blows. Plaintiff did not provoke this beating nor did he conduct himself in any manner that would warrant any use of force, much less the excessive force actually used. Defendant officers acted sadistically and maliciously and demonstrated deliberate indifference toward plaintiff's rights and physical well-being.

19. All of the above was done in violation of state and federal law.

20. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, plaintiff's injuries were as indicated above.

21. The conduct of the defendant correctional officers in assaulting the plaintiff and denying him medical attention directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983/Eight, Fourth and Fourteenth Amendments
### (Against All Individual Defendants)

22. Plaintiff repeats and re-alleges each and every allegation above as if fully set forth herein.

23. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or failing to provide necessary medical care, the Individual Defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Eight, Fourth and Fourteenth Amendments to the United States Constitution to be free from gratuitous and excessive force.

24. Defendants CITY knew that the pattern of physical abuse described above existed prior to and including the time of the assault on plaintiff. Their failure to take measures to curb this pattern of brutality

constitutes acquiescence in the known unlawful behavior of its subordinates. The prevalence of these practices and general knowledge of their existence at the time of plaintiff's beatings, and the failure of these defendants to take remedial action and provide adequate medical care despite the fact that the misuse of force by police officers had been persistently brought to CITY's attention, constitutes deliberate indifference to the rights and safety of the public, including plaintiff. These defendants' conduct has been a substantial factor in the continuation of such violence and a proximate cause of the constitutional violations alleged in this complaint

25. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## **SECOND CLAIM FOR RELIEF**

### **42 U.S.C. § 1983/Fourteenth Amendment**
### **(Against Defendant City)**

26. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

27. Defendant CITY, through the NEW YORK CITY POLICE DEPARTMENT, and acting under the pretense and color of law, permitted, tolerated and was deliberately indifferent to a pattern and practice of staff brutality and retaliation by DOC staff at the time of plaintiff's beating. This widespread tolerance of officer abuse of civilians constitutes a municipal policy, practice, or custom and led to plaintiff's assault.

28. By permitting, tolerating, and sanctioning a persistent and widespread policy, practice, and custom pursuant to which plaintiff was subjected to a brutal beating and untimely medical care, defendant City has deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed under the Fourteenth Amendment to be free from gratuitous and excessive force.

29. As a direct and proximate result of the policy, practice, and custom detailed above, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM FOR RELIEF
## EXCESSIVE USE OF FORCE
## 42 U.S.C. § 1983
## (Against the individual defendants)

30. The plaintiff incorporates by reference the allegations set forth above as if fully set forth herein.

31. The conduct and actions of defendants acting under color of law and under their authority as a New York City Police Officers, in deliberately punching and kicking the plaintiff, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific serious bodily harm, pain and suffering in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution.

8

32. As a direct and proximate result of this misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## REQUEST FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars on each of the plaintiff's Causes of Action;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action pursuant to 42 U.S.C. 1988;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.


Dated: Brooklyn, New York
March 9, 2015

                                                                        _____ss_____
                                                                        Amy Rameau, Esq.
                                                                        Law Offices of Amy
                                                                        Rameau Esq.,
                                                                        16 Court St, Suite 2504
                                                                        Brooklyn, NY 11241

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RUSSELL MILTON
                Plaintiff,

        -against-

THE CITY OF NEW YORK, Detective ROBERT
CURLEY Shield No. 5767, Detective IAN CYRUS,
Shield No. 2768, Sergeant CLAUDIO RAMIREZ,
Shield No. 3804, Detective John Doe Number 1
through 2, Police Officers John Doe Number 1
through 2, in their individual and official
capacities as employees of the City of New York,

                                Defendants.
------------------------------------------------------------------------X
```

**AMENDED COMPLAINT AND JURY DEMAND**

Amy Rameau, Esq.
Attorney for Plaintiff
16 Court Street, 2504
Brooklyn, NY
11241
Tel: 718.887.5536
Fax: 718.875.5440